UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGTALE, LTD., | No. C-11-05452 CW (DMR) |
| Plaintiffs, | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND AWARDING SANCTIONS** |
| v. | |
| IKOR, INC. ET AL, | |
| Defendants. | |

On March 19, 2013, the parties submitted a joint letter brief regarding Plaintiff Logtale, Ltd.'s ("Logtale") motion to compel responses to discovery served on Defendant IKOR, Inc. ("IKOR"). [Docket No. 55 (Jt. Letter).] The court conducted a hearing on the matter on April 18, 2013. Counsel for Logtale was present. Counsel for IKOR did not appear. This order summarizes the rulings made by the court on the record during the April 18, 2013 hearing.

**I. Discussion**

Plaintiff served its first sets of interrogatories, requests for production ("RFPs"), and requests for admission on Defendant on December 4, 2012. Defendant's responses and/or objections to Plaintiff's discovery were due on January 7, 2013. On January 4, 2013, Defendant served responses to the requests for admission and represented that responses to the interrogatories and RFPs were in progress. Defendant did not serve responses to the interrogatories and RFPs by the January 7, 2013 deadline. (Jt. Letter 1-2.)

1   In January and February 2013, in response to Plaintiff's inquiries, Defendant's counsel made
2   numerous representations regarding when he would serve Defendant's responses to the outstanding
3   discovery. Despite these representations, Defendant did not serve any responses, nor did it seek a
4   stipulation to extend the response deadlines. (Jt. Letter 2.) Finally, on March 15, 2013, Defendant
5   served Plaintiff with late written responses to the RFPs, along with some responsive documents, but
6   Defendant's counsel admitted to some "gaps in the production of emails." (Jt. Letter Ex. F.) To
7   date, Defendant has not supplemented its document production, nor has it ever served any responses
8   to the interrogatories. In the joint letter, Defendant's only explanation for its failure to respond to
9   the discovery is that "[t]he delay has been the result of acquiring information from several different
10  sources within the company." (Jt. Letter 3.) At the hearing on this matter, Plaintiff's counsel
11  confirmed that Defendant has never requested an extension of time in which to provide responses to
12  the outstanding discovery.

13  Federal Rules of Civil Procedure 33 and 34 provide that a party must serve responses and
14  any objections to interrogatories and RFPs within 30 days after being served with the discovery.
15  Fed. R. Civ. P. 33(b)(2), 34(b)(2). Failure to timely respond to discovery requests generally
16  constitutes a waiver of any objections thereto. *See* Fed. R. Civ. P. 33(b)(4) ("[a]ny ground [for
17  objecting to an interrogatory] not stated in a timely objection is waived unless the court, for good
18  cause, excuses the failure."); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473
19  ("failure to object to discovery requests within the time required constitutes a waiver of any
20  objection."). Pursuant to Rule 37, a party may move for an order compelling responses to discovery.
21  Fed. R. Civ. P. 37(a)(3)(B). If the court grants the motion, it shall require the party whose conduct
22  necessitated the motion to pay the moving party's reasonable expenses incurred in making the
23  motion, including attorneys' fees, unless the failure to respond was substantially justified. Fed. R.
24  Civ. P. 37(a)(5)(A).

25  Here, it is undisputed that Defendant has not served responses to Plaintiff's interrogatories,
26  even though such responses were due in January 2013. Further, even though Defendant has served
27  written responses to the RFPs, the response came two months after it was due, and Defendant admits
28  that it has not made a full production of documents. As Defendant has not shown good cause for its

2

failure to respond, any objections to the outstanding discovery are waived.  In addition, the court finds that Defendant's failure to respond was not substantially justified.  Accordingly, and particularly in light of the fact that Defendant failed to appear at the hearing on this matter, the court awards sanctions pursuant to Rule 37(a)(5)(A).  At the hearing, Plaintiff's counsel stated that his hourly rate is $700, and represented that he personally spent one hour preparing the joint letter and that he traveled from his office in San Francisco to attend the hearing in Oakland on this matter.  Therefore, the court awards Plaintiff sanctions in the amount of $1,400, representing attorneys' fees incurred in preparing the joint letter and traveling to and appearing at the hearing.

## II.  Conclusion

Plaintiff's motion to compel responses to its interrogatories and RFPs is GRANTED.  Defendant shall serve complete written responses and shall produce all responsive documents within fourteen days of the date of this order.  Plaintiff is awarded $1,400 in sanctions which must be paid by Defendant and/or Defendant's counsel within 30 days of the date of this order.

IT IS SO ORDERED.

Dated:  April 22, 2013



DONNA M. RYU
United States Magistrate Judge

3