UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGTALE, LTD., | No. C-11-05452 CW (DMR) |
| Plaintiffs, | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND AWARDING SANCTIONS** |
| v. | |
| IKOR, INC. ET AL, | |
| Defendants. | |

On June 17, 2013, the parties submitted a joint letter brief regarding Plaintiff Logtale, Ltd.'s motion to compel responses to discovery served on Defendants IKOR, Inc. and Dr. James Canton. [Docket No. 62 (Jt. Letter).] The court conducted a hearing on the matter on July 25, 2013. For the following reasons, Plaintiff's motion to compel is GRANTED.

**I. Discussion**

**A.   Background**

Plaintiff Logtale, Inc. ("Logtale") is a shareholder in IKOR, Inc. ("IKOR"), a pharmaceutical company that is developing bovine-derived oxygen therapeutics. In November 2011, Plaintiff filed suit against IKOR and two of its officers, Dr. James Canton and Dr. Ross W. Tye, alleging that IKOR made misrepresentations to induce Plaintiff to invest and bringing claims for breach of fiduciary duties, breach of contract, and breach of the implied covenant of good faith and fair

dealing. IKOR brought counterclaims for breach of a licensing agreement, theft of intellectual property, and interference with prospective economic advantage.

### 1. Discovery to IKOR

Plaintiff served its first sets of interrogatories, requests for production ("RFPs"), and requests for admission on Defendant IKOR on December 4, 2012, triggering a January 7, 2013 response deadline. IKOR did not serve responses to the RFPs until March 2013. IKOR's counsel admits that the accompanying document production was incomplete. IKOR failed to serve interrogatory responses. On March 19, 2013, the parties filed a joint letter brief in which Plaintiff moved to compel full and complete responses to the document requests and interrogatories. [Docket No. 55.] The court held a hearing on April 18, 2013, at which counsel for IKOR failed to appear. On April 22, 2013, the court granted Plaintiff's motion to compel, ordered IKOR to serve complete written responses to the discovery and to produce all responsive documents within fourteen days of the order (May 6, 2013), and awarded Plaintiff $1,400 in sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). [Docket No. 59.]

IKOR served the written discovery responses as ordered by the court and paid the sanctions. However, Plaintiff contends that IKOR's document production remains incomplete, and that its interrogatory responses are inadequate. Plaintiff now seeks an order enforcing IKOR's compliance with the court's April 22, 2013 order to provide complete responses to its discovery.

### 2. Discovery to Canton

On March 22, 2013, Plaintiff served its first sets of written discovery on Defendant Canton. Canton's responses were due on April 24, 2013, two days after the court's order awarding sanctions. Inexplicably, Canton did not provide timely responses, and instead served them on May 7, 2013, two weeks after they were due. With respect to RFP Nos. 32-35, Canton objected that the requests were overbroad and burdensome and refused to provide responses. On June 3, 2013, following a meet and confer process, Canton served amended responses in which he again stated objections to RFP Nos. 32-35. He did not produce responsive documents nor supplement his interrogatory responses. Plaintiff seeks an order compelling Canton to withdraw his objections to its discovery, produce all responsive documents, and provide complete interrogatory responses.

2

**B.     Legal Standards**

When served with interrogatories or requests for production, the responding party must serve its answers and any objections within 30 days. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Failure to timely respond to discovery requests generally constitutes a waiver of any objections thereto. *See* Fed. R. Civ. P. 33(b)(4) ("[a]ny ground [for objecting to an interrogatory] not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("failure to object to discovery requests within the time required constitutes a waiver of any objection."). Pursuant to Rule 37, a party may move for an order compelling responses to discovery. Fed. R. Civ. P. 37(a)(3)(B). If the court grants the motion, it shall require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, including attorneys' fees, unless the failure to respond was substantially justified. Fed. R. Civ. P. 37(a)(5)(A).

**C.     Analysis**

**1.     RFPs**

Plaintiff contends that Defendants' document productions are incomplete and that they have failed to adequately search for all responsive electronic documents. At oral argument, Plaintiff's counsel described Defendants' document production and asserted that to date, all three Defendants have produced a total of only 121 emails, 109 of which were communications with Plaintiff. As a further example, IKOR produced only three pages in response to a request seeking all documents relating to IKOR's communications with BeefTech, LLC, a company run by three of IKOR's principals. According to Plaintiff, the dearth of responsive documents, as well as the lack of emails from at least one key individual, raise concerns about the quality of Defendants' document preservation and collection efforts. In addition, Plaintiff's counsel highlighted facts at oral argument that raise the possibility of evidence spoliation through the deletion of emails. Plaintiff further contends that Canton waived his objections to RFP Nos. 32-35 by failing to serve a timely response.

While conceding that their productions have not been timely, Defendants contend that they are adequately searching for electronic documents. According to Defendants' counsel, he instructed IKOR's principals and its accountant and corporate attorney to search their computers and to

3

produce all responsive emails. Those individuals completed their first search in March. While counsel was reviewing the documents, "it became apparent from certain references within e-mails that there were a few gaps in the production," which he noted to Plaintiff. (Jt. Letter 3-4.) He asked the IKOR principals to conduct a second search to find the missing documents, and IKOR made a supplemental production in May 2013. Following this supplemental production and Canton's production in May, Plaintiff's counsel raised concerns about the existence of additional responsive documents. Defendants' counsel then "proposed a third search of the same sources." (Jt. Letter 4.) At oral argument, Defendants' counsel stated that he is currently reviewing approximately 10,000 documents returned by the latest search to determine if any are responsive.

Given the paucity of documents produced by Defendants to date, as well as counsel's own acknowledgment that Defendants' productions have been incomplete, the court shares Plaintiff's concerns about the inadequacy of Defendants' search for responsive documents. Defense counsel has not been sufficiently proactive in ensuring that his clients are conducting thorough and appropriate document searches, especially in light of obvious gaps and underproduction. Under such circumstances, it is not enough for counsel to simply give instructions to his clients and count on them to fulfill their discovery obligations. The Federal Rules of Civil Procedure place an *affirmative obligation* on an attorney to ensure that a client's search for responsive documents and information is complete. *See* Fed. R. Civ. P. 26(g) (requiring a signing attorney to certify that a reasonable inquiry has been made with respect to the factual and legal bases for any discovery response); *see also Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 554-56 (N.D. Cal. 1987) (discussing counsel's obligations pursuant to Rule 26(g); sanctioning party and its counsel for failure to "establish a coherent and effective system to faithfully and effectively respond to discovery"). As the Advisory Committee's Note to Rule 26(g) states, "[t]he duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." Therefore, where, as here, counsel

4

notices obvious "gaps in the production" of documents by his clients, he is obligated to make a reasonable inquiry as to the thoroughness of that search.[1]

With respect to RFP Nos. 32-35 to Canton, he maintains that the requests are overbroad, burdensome, and vague. Despite Canton's late response, counsel argues that the waiver of objections due to an untimely response "is not absolute" and that Canton will respond to the requests if they are "re-phrased to bring the request[s] within any conceivable issue in the case." (Jt. Letter 5.) The court agrees with Canton that the requests are vague and overbroad, and also seek irrelevant documents. However, it is undisputed that Canton's responses were served two weeks after they were due. As Canton offered no reason for his late responses, the court finds that he waived any objections to the requests. Although the objections are waived, the court notes that it is not in any party's interest to incur the expense and burden caused by the production of voluminous, irrelevant documents. Therefore, at the hearing, the court ordered the parties to meet and confer to refine the scope of production.

Defendants must produce all remaining responsive documents **by no later than August 26, 2013.** Defendants are on notice that if there are continuing problems with their document productions, the court will order them to retain the services of an e-discovery vendor and order the parties to submit sworn, detailed declarations regarding their document preservation and collection efforts.

### 2. Interrogatories

Plaintiff next argues that Defendants' responses to several interrogatories are deficient because they refer to documents and do not provide an adequate narrative response as required by Federal Rule of Civil Procedure 33. Specifically, Plaintiff seeks complete responses to IKOR's interrogatory Nos. 4, 12, 17, and 18, and Canton Nos. 4, 5, 7, 15, and 19, most of which seek the

---

[1] In addition, in light of Plaintiff's concerns about possible spoliation of evidence, the court notes that litigants are under a duty to preserve "what [they know], or should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Zubulake v. UBS Warburg LLC,* 220 F.R.D. 212, 217 (S.D.N.Y. 2003). The duty extends to "any documents or tangible things . . . made by individuals 'likely to have discoverable information that the disclosing party may use to support its claims or defenses.'" *Id.* at 217-18 (quoting Fed. R. Civ. P. 26(a)(1)(A)). The duty to preserve evidence arises as soon as the parties reasonably anticipate litigation. *Id.* at 216.

1 identification of facts supporting Defendants' contentions. Defendants argue that interrogatory
2 responses identifying documents are sufficient because narrative responses "would simply repeat"
3 information contained in the documents. (Jt. Letter 6.)

4 "Each interrogatory must, to the extent it is not objected to, be answered separately and fully
5 in writing under oath." Fed. R. Civ. P. 33(b)(3). An answer to an interrogatory should be complete
6 in itself and should not refer to the pleadings or other documents:

> [A]n answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.

*Scaife v. Boenne,* 191 F.R.D. 590, 594 (N.D. Ind. 2000) (citations and quotation marks omitted). "'Incorporation by reference is not a responsive answer.'" *Id.* (quoting *Cont'l Ill. Nat. Bank & Trust Co. of Chicago v. Caton,* 136 F.R.D. 682, 686 (D. Kan. 1991)). However, if an answer to an interrogatory may be determined by "examining, auditing, compiling, abstracting, or summarizing a party's business records . . . , and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by . . . specifying the records that must be reviewed." Fed. R. Civ. P. 33(d). Here, most of the interrogatories at issue are contention interrogatories which seek the identification of all facts supporting Defendants' contentions. In most instances, Defendants responded with a one or two sentence narrative and referred Plaintiff to various documents, including the pleadings. These responses are not sufficient. For example, interrogatory No. 4 to IKOR asked for the identification of all facts relating to the contention that "full disclosure regarding BeefTech was duly provided." (Jt. Letter 10.) IKOR responded: "Full disclosure was made of the identities of the owners and participants of BeefTech . . .", and listed documents produced by IKOR. This response provides no information about who made such disclosures, when they were made, and to whom. Plaintiff is entitled to discover the facts supporting Defendants' contentions. While a party responding to contention interrogatories may object on the ground that it is too early in discovery for the party to make a full and complete response, *see In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 338 (N.D. Cal. 1985), and may reserve the right to supplement its response, here, Defendants waived any such objections by their

failure to provide timely responses. Therefore, by no later than **September 9, 2013,** Defendants shall supplement their responses to interrogatory Nos. 4, 12, 17, and 18 to IKOR and Nos. 4, 5, 15, and 19 to Canton.

The remaining interrogatory at issue, No. 7 to Canton, asked for the identification of IKOR's assets and liabilities as of the date of the discovery. Canton responded by identifying two pages of documents. Given the nature of the interrogatory, a response identifying documents may be appropriate under Rule 33(d). However, it is not clear that a full and complete statement of the company's assets and liabilities is entirely contained within only two pages. Therefore, the parties are ordered to meet and confer regarding the adequacy of the documents identified in Canton's response to this interrogatory.

### 3. Sanctions

Plaintiff seeks sanctions in the form of an award of attorneys' fees incurred as a result of Defendants' conduct. In addition, given the shortcomings in Defendants' production of electronic documents, Plaintiff asks the court to order Defendants to retain an e-discovery vendor to conduct a thorough and adequate search for responsive electronic documents.

As noted, the court does not order Defendants to retain an e-discovery vendor at this time. However, Defendants' failure to timely and fully respond to Plaintiff's discovery was not substantially justified. Therefore, sanctions in the form of an award to Plaintiff of attorneys' fees incurred as a result of Defendants' conduct is appropriate. *See* Fed. R. Civ. P. 37(a)(5)(A). At the hearing, Plaintiff's counsel asserted that her firm has spent approximately 30 hours in connection with these disputes. Her rate is $450 per hour and lead counsel's hourly rate is $750 per hour. However, this was a relatively straightforward discovery dispute that could have been handled by a junior associate. Therefore, the court declines to award the full amount requested. The court will award Plaintiff $5,200, which represents 15 hours of work at a $350 hourly rate. Further, the court orders the parties (rather than Plaintiff's counsel) to pay at least half of the awarded amount. On this record, it appears that the parties themselves are at least partly responsible for the numerous delays in producing the requested documents.

## II. Conclusion

Plaintiff's motion to compel responses to the RFPs and interrogatories is GRANTED. Defendant shall produce all responsive documents by no later than August 26, 2013 and serve full, complete responses to the interrogatories by no later than September 9, 2013. Plaintiff is awarded $5,200 in sanctions which must be paid within 30 days of the date of this order.

IT IS SO ORDERED.

Dated: July 31, 2013



_____
DONNA M. RYU
United States Magistrate Judge