UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGTALE, LTD., | No. C-11-05452 CW (DMR) |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS [DOCKET NOS. 69, 71]** |
| v. | |
| IKOR, INC. ET AL, | |
| Defendants. | |

Plaintiff Logtale, Ltd. ("Logtale") submitted a letter brief in which it moved for sanctions against Defendants IKOR, Inc. (IKOR), Dr. James Canton, and Dr. Ross Tye for discovery violations. [Docket No. 69.] Defendants submitted a response to Logtale's motion. [Docket No. 71.] The court conducted a hearing on the matter on October 31, 2013. This order summarizes the rulings made by the court on the record during the hearing.

1. **Production of Financial & Transfer of Technology Documents:** Defendants shall produce to Plaintiff copies of all backup financial documents, as well as all documents regarding the transfer of technology from IKOR to Plaintiff, **by no later than November 14, 2013.**

2. **Adequacy of Defendants' Document Search & Production:** Plaintiff argues that Defendants' search for documents has been inadequate and that they have not produced all responsive documents. Plaintiff requests the imposition of various sanctions. In response,

Defendants submitted a declaration by Defendant Canton regarding his search for responsive documents, which he conducted in consultation with a technology expert, William Moulton. Plaintiff has not highlighted any specific documents that it believes are missing, but points to the small size of the production and the fact that the recently produced documents all appear to have been forwarded from Canton on August 15, 2013. Plaintiff further notes that all of the produced emails were sent between Logtale persons or entities, and asserts that it is not believable that Defendants did not correspond with anyone outside regarding the agreement at issue in this case. The court finds that Plaintiff has not established that the production is materially incomplete. However, given Defendants' record in this case of late and inadequate discovery responses, insufficient document collection efforts, and the overall paucity of documents produced by Defendants to date, the court orders Defendants to provide additional information regarding their search(es) for documents in the form of detailed, sworn declarations by Moulton and Defendant Canton. Defendants shall file a detailed, sworn declaration by Moulton setting forth the exact instructions he gave to Defendant Canton and any other individuals to perform a search of electronic files for responsive documents, including without limitation the names of custodians whose files were to be searched; the search terms and parameters to be used; the search methods and means, and which sources were to be searched. Defendant Canton's declaration shall set forth in detail how he and any other individuals carried out Moulton's search instructions, including without limitation exactly what search was performed (including search terms, parameters, methods and means), when the search or searches were performed and from which sources (including devices, systems, and custodians), who carried out the search(es), who supervised the search(es), who verified the results and performed quality control, and what quality control measures were taken. Defendant Canton's declaration shall also specify how the documents were collected, whether they were produced in native format, and if not, how exactly they were processed and produced. In addition, Defendant Canton shall set forth detailed information about each Defendants' specific document and electronic information retention policies and whether the policies were followed during the pendency of this

litigation, whether any litigation hold was implemented (including the scope and date of the hold) and describe in detail any intentional or unintentional information destruction during this litigation. Defendants shall file both declarations **by no later than November 14, 2013.**

3. **Privilege Log:** At the hearing, defense counsel represented that other than communications between Defendants and their counsel that post-date the filing of Plaintiff's complaint, Defendants have only withheld portions of one document on the basis of privilege. By no later than **5:00 p.m. on November 4, 2013,** Defendants shall email to Plaintiff a privilege log listing that document.

IT IS SO ORDERED.

Dated: October 31, 2013



_____
DONNA M. RYU
United States Magistrate Judge

3