UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGTALE, LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>IKOR, INC., et al.,<br><br>    Defendants. | Case No. 11-cv-05452-EDL<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL**<br><br>Re: Dkt. No. 271 |

Before the Court is Defendant's Motion to Compel Payment of Expert Witness Deposition Invoices. For the reasons stated at the March 10, 2015 hearing, Defendants' Motion is granted in part.

Defendants' Motion raises two issues: (1) whether Plaintiff must pay the travel time and expenses of Defendants' expert, Dr. Prestwich, for travel from his home in Orcas Island, Washington to his deposition; and (2) whether the Court should "confirm" Dr. McCallum as a proper rebuttal expert witness for Defendants and pay her deposition invoice. At the hearing, counsel informed the Court that Plaintiff had paid the invoice for Dr. McCallum, so the Motion as to Dr. McCallum is denied as moot.

The parties confirmed at the hearing that the only disputed portion of Dr. Prestwich's invoice is his travel time and expenses. In general, the deposing party, in this case Plaintiff, must pay the expert witness's travel time. See, e.g., River Rock Communications v. Universal Music Group, 276 F.R.D. 633, 637 (C.D. Cal. 2011) ("Time an expert spent traveling to and from the deposition generally is regarded as an expense that should be shifted to the deposing party. That makes sense. Unless the deposition is taken at an expert's home or office, the expert cannot avoid spending some time traveling to and from the deposition. The deposing party can control the amount of time the expert spends traveling by selecting a location for an expert's deposition that

1 minimizes an expert's travel time, potentially including opting to take the deposition by telephone
2 or video conference. Moreover, the deposing party can make intelligent decisions about such
3 matters because travel time generally can be estimated with reasonable accuracy in advance.
4 Requiring the deposing party to pay for the expert's travel time encourages the deposing party to
5 correctly weigh the overall cost and inconvenience of the deposition (including the expense of
6 travel by the expert and both parties' counsel), and to best determine whether, and if so, where, to
7 take the deposition.").

Here, however, Defendants unilaterally changed the location of Dr. Prestwich's deposition from Bellingham, Washington, where Plaintiff noticed the deposition as required within 100 miles of his location, to San Francisco.  Having made this choice to increase their own expert's travel time and costs, Defendants should bear the increased expenses over the closer location noticed by Plaintiff.  Instead, Defendants are entitled to payment of Dr. Prestwich's reasonable travel time and expenses between his home and Bellingham, Washington where the deposition was noticed.  Dr. Prestwich has stated in a declaration that travel time from his home in Orcas Island to Bellingham is three hours each way by ferry.  Prestwich Decl. ¶ 1.  Therefore, Plaintiff shall pay for Dr. Prestwich's time for a six-hour round trip between Orcas Island and Bellingham, for a total of $1,500.00.  Plaintiff shall also pay for travel expenses of $76 for the cost of the ferry.  Id. ¶ 4.  Defendants' Motion to Compel is granted in the amount of $1,576.00.

**IT IS SO ORDERED.**

Dated:  March 11, 2015

_____
Elizabeth D. Laporte
United States Magistrate Judge