United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGTALE, LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>IKOR, INC., et al.,<br><br>        Defendants. | Case No.  11-cv-05452-EDL<br><br>**ORDER FOLLOWING SECOND PRE-TRIAL CONFERENCE**<br><br>Re: Dkt. Nos. 374-78 |

On September 14, 2015, the Court held a second pre-trial conference in this case. For the reasons stated at the conference and in this Order, the Court orders as follows.

**I.   DEFENDANTS' UNTIMELY FILED EXHIBIT LIST**

The Court's Case Management Order ("CMO") in this case set an August 5, 2015 deadline for the Parties to file their exhibit lists and lodge copies of their exhibits with the Court. The CMO also states that "[n]o party shall be permitted to . . . offer any exhibit in its case in chief that is not disclosed in pretrial statement, exchanged with opposing counsel, and delivered to the Court, by [the deadline set in this order], without leave of the Court and for good cause." CMO at 7. Moreover, as stated at the August 25, 2015 pre-trial conference, Defendants have failed to show good cause for their failure to comply with this deadline. See Colebrook v. Kentucky Dep't Motor Vehicle Enforcement, 2011 WL 573820, at *2 (E.D. Ky. Feb. 15, 2011) ("It is beyond question that plaintiff's witness and exhibit lists were untimely filed. The order setting a final pretrial conference clearly stated that '[e]xtensions of deadlines will be granted only upon motion and affidavit for good cause shown.'. . . The only reason given by plaintiff's counsel for the tardy filings was unintentional oversight. Inadvertent oversight, however, is not the same as good cause or excusable neglect. . . . Perhaps defendant and his counsel were subjectively aware of the witnesses and exhibits contained in plaintiff's belatedly-filed lists. But defendant bears no burden to show prejudice. Rather, plaintiff bears the burden to show that his inexplicable noncompliance with the Court's scheduling order was either substantially justified or harmless. . . . [P]laintiff shall (with the exception of plaintiff himself) be permitted to call as witnesses only those persons

appearing on defendant's timely-filed witness list and shall be permitted to use as exhibits only those documents listed as exhibits on defendant's timely-filed exhibit list." (emphasis added)); Durgin v. Crescent Towing & Salvage, Inc., 2001 WL 36105571, at *1 (E.D. La. Oct. 18, 2001) ("[T]he defendants move to strike the plaintiff's witness and exhibits lists because they were [] not timely filed. . . . [T]he plaintiff did not seek an extension of time and he fails to give any reason for why the lists were filed well after the deadline. Instead, ignoring the Court's order, the plaintiff lamely asserts that he should be allowed to file his witness and exhibit lists after the known deadlines because the defendants have not shown that they would be prejudiced by a late filing. But the issue is unexcused noncompliance, not prejudice. Plaintiff's witness and exhibit lists filed after the Court's well-known deadline are hereby stricken."). Therefore, all of Defendants' belatedly proposed exhibits are excludable on this basis alone. Nevertheless, the Court ordered the Parties to meet and confer on Defendants' untimely exhibit list and to submit a joint letter attaching a maximum of 10-20 proposed exhibits.

The Court rules as follows on Defendants' untimely exhibits:

1. Plaintiff's objections to Defendants' Exhibits 763 and 769 are sustained and the exhibits are excluded because they are irrelevant and they relate to the Parties' Licensing and Manufacturing Agreement ("LMA") and whether Dr. Wai breached his fiduciary duties, both of which are topics excluded by this Court's August 26, 2015 Order. These exhibits are also excluded under Federal Rule of Evidence 403.

2. Plaintiff's objections to Defendants' Exhibits 771 and 819 are sustained and the exhibits are excluded because they refer to Plaintiff's obligations under the LMA and refer to Plaintiff as a licensee of Defendants. These exhibits are also excluded under Federal Rule of Evidence 403.

3. Plaintiff's objections to Defendants' Exhibits 777 and 841 are sustained and the exhibits are excluded because they are irrelevant and reference an investment by New World Group, a topic excluded by this Court's August 26 Order. These exhibits are also excluded under Federal Rule of Evidence 403.

4. Plaintiff's objections to Defendants' Exhibits 786 and 843 are sustained and the exhibits are excluded because they refer to Plaintiff's obligations under the LMA. These exhibits are also

excluded under Federal Rule of Evidence 403.

5. Plaintiff's objections to Defendants' Exhibits 791, 830 and 837 are sustained and the exhibits are excluded as they pertain to whether or not Plaintiff had access to Defendants' standard operating procedures, which is not at issue. However, should Plaintiff put its access to Defendants' standard operating procedures at issue, Defendants will be allowed to introduce these exhibits.

6. Defendants may introduce unopposed Exhibits 806 and 812.

7. Plaintiff's objections to Defendants' Exhibits 807 and 813, which Defendants claim are summaries of financial documents sent by Defendants to Plaintiff and of an auditor's findings, are sustained as they are unauthenticated and there is no foundation for their admission.

8. Plaintiff's objections to Defendants' Exhibit 824 are sustained and the exhibit is excluded because it pertains to regulatory approval before the European Medicines Agency, a topic excluded by this Court's August 26 Order.

9. Plaintiff's objections to Defendants' Exhibits 779 and 805 are sustained and the exhibits are excluded as they are identical to exhibits already designated by Plaintiff, which Defendants may use.

## II.    JURY INSTRUCTIONS

The Court adopts as modified Defendants' proposed jury instruction on distributions to shareholders of a South Dakota corporation. The Court also adopts as modified the Parties' proposed tort damages instruction.

**IT IS SO ORDERED.**

Dated: September 16, 2015

ELIZABETH D. LAPORTE
United States Magistrate Judge