UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOGTALE, LTD.,

          Plaintiff,

    v.

IKOR, INC., et al.,

          Defendants.

Case No. 11-cv-05452-EDL

**ORDER ON DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Re: Dkt. No. 410

On October 1, 2015, Defendants filed this motion for judgment as a matter of law regarding the issue of alter ego liability. "A district court can overturn a jury's verdict and grant a Rule 50(a) motion only if 'a party has been fully heard on an issue and there is no legally sufficient basis for a reasonable jury to find for that party on that issue.'" Jorgensen v. Cassiday, 320 F.3d 906, 917 (9th Cir. 2003) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000) (quoting Fed. R. Civ. P. 50(a) (internal quotation marks omitted))). "If reasonable minds could differ as to the import of the evidence . . . a verdict should not be directed." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986).

Defendants argue that it was improper for alter ego evidence to be presented at trial. However, as this Court has already held, Plaintiff was not required to plead a separate alter ego claim because alter ego liability is not a separate cause of action. See Dkt. 144 at 9-10 (citing Local 159 v. Nor-Cal Plumbing, Inc., 185 F.3d 978, 985 (9th Cir. 1999) ("A request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of action of action in and of itself.") and Rachford v. Air Line Pilots Ass'n, Int'l, 2006 U.S. Dist. LEXIS 44070, at *16 (N.D. Cal. June 16, 2006) (Hamilton, J.) ("[T]he alter ego doctrine does not create an independent cause of action that can be pled in the alternative with another independent cause of action; it merely serves to identify which parties may be held liable for the

misconduct at issue.")).  Additionally, it is proper for the jury to consider alter ego liability.  <u>Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.</u>, 933 F.2d 131, 136 (2d Cir. 1991) ("Because the action for piercing the corporate veil appears to have its roots in both law and equity, and the nature of the relief sought here [(money damages)] supports the conclusion that plaintiff's cause of action is legal in nature, it was entirely proper for the district court to submit the corporate disregard issue to the jury."); <u>Dong Ah Tire & Rubber Co. v. Glasforms, Inc.</u>, 2010 WL 1691869, at *4 (N.D. Cal. Apr. 23, 2010) (Fogel, J.) (noting that the jury had decided the issue of alter ego liability).

Furthermore, the jury was instructed: (1) to decide the case as to each Defendant separately; (2) that a corporation is responsible for the acts of its employees; and (3) that Defendants James Canton and Rose Tye may be personally liable for the acts of Defendant IKOR under an alter ego theory.  The jury was also instructed as to the elements and relevant factors to consider in making a determination of whether alter ego liability exists.  The jury ultimately returned a verdict against all three Defendants on breach of contract.  There is no requirement that the elements of alter ego liability be broken out on the verdict form, and the jury plainly found that the individual Defendants were alter egos of the corporation.  Moreover, to the extent that Defendants now object to the verdict form, their objection is waived by their failure to raise the issue earlier.  <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1109-10 (9th Cir. 2001) ("We hold that [defendant] waived [objections to the verdict form] by failing to raise them until after the jury had rendered its verdict and was discharged. . . . The district court gave the parties ample opportunity to object to errors in the form of the verdict. The court expressly asked the parties if they objected to the verdict form when it first distributed it. . . . By waiting until post-trial motions to raise its specific contentions, [defendant] prevented the court from correcting any problems *ex ante*. . . ."); <u>Dong Ah</u>, 2010 WL 1691869, at *4 ("[T]he jury could have concluded that [defendant] was liable for breach of contract under an alter ego theory. Defendants argue that the verdict form does not support a finding of alter ego . . . . The jury in fact was instructed as to both elements [(of alter ego liability)] . . . . Defendants waived any challenge to the verdict form by failing to raise such challenge until after the jury rendered its verdict and was discharged.").

2

1        Finally, Defendants have failed to show that there was insufficient evidence presented at

2   trial establishing alter ego liability.  Indeed, Defendants cite no evidence supporting this assertion.

3   To the contrary, as Plaintiff pointed out in its opposition, Plaintiff introduced considerable

4   evidence supporting alter ego liability.  Accordingly, Defendants' motion is denied.

5        **IT IS SO ORDERED.**

6   Dated: December 1, 2015

7

8   

9   ELIZABETH D. LAPORTE
    United States Magistrate Judge