UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGTALE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> IKOR, INC., et al., <br><br> Defendants. | Case No. 11-cv-05452-EDL <br><br> **ORDER ON: (1) DEFENDANTS' RULE 52(B) MOTION; (2) DEFENDANTS' MOTION TO WITHDRAW; AND (3) DEFENDANTS' MOTION TO STRIKE** <br><br> Re: Dkt. Nos. 413, 440, 450, 452 |

On September 25, 2015, the jury in this case rendered a verdict against Defendants as follows:

<u>Breach of Contract</u>
Defendant IKOR: $666,667.00
Defendant Canton: $666,667.00
Defendant Tye: $666,667.00

<u>Breach of the Implied Covenant of Good Faith and Fair Dealing</u>
Defendant IKOR: $666,667.00

<u>Breach of Fiduciary Duty</u>
Defendant Canton: $666,667.00
Defendant Tye: $666,667.00

<u>Punitive Damages</u>
Defendant Canton: $750,000.00
Defendant Tye: $250,000.00

On October 6, 2015, Defendants filed a motion pursuant to Federal Rule of Civil Procedure 52(b), requesting that the Court strike the jury's punitive damages award and reduce the jury's compensatory damages award to two million dollars. On December 30, 2015, Defendants filed a request to withdraw their Rule 52(b) motion, "acknowledge[ing] that [the] proper . . . procedure [would have been] for Plaintiff to first submit a proposed form of Judgment and for Defendants to

then interpose their Objections to that proposed Judgment." On January 5, 2016, the Court held a hearing on Defendants' motion and ordered the Parties to file supplemental briefs. On January 19, 2016, Defendants moved to strike Plaintiffs' supplemental brief regarding punitive damages. For the reasons stated at the hearing and set forth below, Defendants' Rule 52(b) motion is granted in part and denied in part and Defendants' requests to withdraw and to strike are denied as moot.

### A. Defendants' Request to Withdraw

As a general matter, "'a motion made after the court has indicated the action that it will take but before entry of the judgment embodying that action is timely.'" Calculators Hawaii, Inc. v. Brandt, Inc., 724 F.2d 1332, 1335 (9th Cir. 1983) (quoting 9 J. Moore, Moore's Federal Practice ¶ 204.12[4], at 4-84 (2d ed. 1983)). As stated at the hearing, because the Court had not yet indicated the action that it will take, Defendants' Rule 52(b) motion is technically premature. Nevertheless, because the issues raised in Defendants' motion have been fully briefed, argued, and considered by the Court, the Court addresses the merits of the motion below and therefore denies Defendants' request to withdraw as moot.

### B. Compensatory Damages

The jury awarded a total $4,000,002.00 in compensatory damages divided as follows: $666,667.00 in damages against each Defendant for breach of contract, $666,667.00 against Defendant IKOR for breach of the implied covenant of good faith and fair deadline, and $666,667.00 each against Defendants Canton and Tye for breach of fiduciary duty. After reading the verdict, the Court asked the foreperson to clarify, noting that "for different claims, the contract claim, the breach of the implied covenant, and the breach of fiduciary, you've listed the same amount of damages against each defendant. And so, for example, for James Canton, if I got this right, 666,667. It's listed three times. We're not sure if you meant to add that up three times or if it's the same amount. It doesn't matter how many times." The foreperson clarified that the jury's damages award for these claims is "meant to be cumulative. So $4 million total . . . amongst all of those awards." Subsequently, the jury was polled and no juror indicated any disagreement with the verdict.

Despite this clarification, Defendants argue that the award is vague and should be reduced.

However, none of the authorities cited by Defendants support reducing the jury's award. Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1037-38 (9th Cir. 2003) and Federal Rule of Civil Procedure 49(b) only pertain to clarifying inconsistencies within verdicts. See Zhang, 339 F.3d at 1037-38 ("The alleged inconsistency here . . . arises . . . between a factual finding and subsidiary legal conclusion within a single claim."); Fed. R. Civ. P. 49(b) (referring to "inconsistent" answers). Here, by contrast, the jury's award was not inconsistent. Additionally, although ClearOne Commc'ns, Inc. v. Biamp Sys., 653 F.3d 1163, 1178-79 (10th Cir. 2011), which is not binding on this court, appears to have involved a similar verdict form where a jury listed identical amounts of damages against each defendant, there is no indication that the district court in that case clarified the amount of damages awarded with the jury, as the Court did here. Furthermore, unlike in ClearOne, each of the damages awards here are not identical as the jury awarded different amounts of punitive damages against Defendants Canton and Tye. Accordingly, Defendants' request to reduce the jury's compensatory damages award is denied.

### C. Punitive Damages

"In reviewing a punitive damage award based on state law, the district court . . . must make sure that the award is within the confines set by state law." Morgan v. Woessner, 997 F.2d 1244, 1259 (9th Cir. 1993); Chronicle Pub. Co. v. Legrand, 1992 WL 420808, at *2 (N.D. Cal. Sept. 3, 1992) ("the Court must look to California law regarding the propriety of a punitive damage award" where "punitive damages are only available under California law"). In Adams v. Murakami, 54 Cal. 3d 105, 109 (1991), the California Supreme Court held that "an award of punitive damages cannot be sustained on appeal unless the trial record contains meaningful evidence of the defendant's financial condition." Id.; Morgan, 997 F.2d at 1259 (noting that a punitive damages claim based on California law "presents a different problem" from punitive damages claims based on Federal law "because of the additional issue of evidence of financial worth"). The Adams court reasoned that:

> Because the quintessence of punitive damages is to deter future misconduct by the defendant, the key question before the reviewing court is whether the amount of damages exceeds the level necessary to properly punish and deter . . . . A reviewing court cannot make a fully informed determination of whether an award of punitive

3

> damages is excessive unless the record contains evidence of the defendant's financial condition . . . . Without such evidence, a reviewing court can only speculate as to whether the award is appropriate or excessive.

Adams, 54 Cal. 3d at 110-12. The burden is "on the plaintiff rather than on the defendant to introduce evidence of the defendant's financial condition." Id. at 109; see also Morgan, 997 F.2d at 1259.

Here, Plaintiff did not present sufficient evidence of Defendants' financial condition such that the Court can make a determination as to whether the jury's punitive damages award is appropriate or excessive. Although Plaintiff notes that Defendant Tye is a doctor and is a member of various LLCs, this does not show, without more, his financial condition. Similarly, Defendant Canton's history as an entrepreneur also does not show his financial condition. Furthermore, while Plaintiff introduced evidence at trial showing that Dr. Tye and Dr. Canton own a 20 percent interest in "Student Loan Finance Corporation," they introduced no evidence establishing the value of that ownership interest. Accordingly, the Court cannot sustain the jury's award of punitive damages in this case.

The cases cited by Plaintiff are not to the contrary.[1] Cummings Med. Corp. v. Occupational Med. Corp., 10 Cal. App. 4th 1291, 1298 (1992), "h[e]ld that where the defendant has been guilty of fraud, punitive damages may properly be based on evidence of the profitability of the defendant's misconduct." Id. at 1298. Here, however, there has been no finding that Defendants committed fraud. Moreover, unlike in Cummings, although Plaintiff invested five million dollars in IKOR and was awarded approximately five million dollars in damages from the jury, it is not clear that Defendants profited five million dollars as a result of Plaintiff's investment. Zaxis Wireless Commc'ns, Inc. v. Motor Sound Corp., 89 Cal. App. 4th 577, 583 (2001) and Commercial Union Ins. Companies v. Greene, 1998 WL 1661425, at *5-6 (C.D. Cal. Sept. 25, 1998) aff'd, 221 F.3d 1347 (9th Cir. 2000), are distinguishable as the juries in those cases were presented with much more detailed evidence pertaining to the defendants' financial condition than in this case. Moreover, Greene, unlike the present case, involved resistance by the defendant

---

[1] Because these cases, cited in Plaintiff's supplemental brief, do not impact the Court's analysis, Defendants' motion to strike this portion of Plaintiff's supplemental brief is denied as moot.

to court ordered discovery related to its financial condition. 1998 WL 1661425, at *6.

At the January 5, 2016 hearing, the Court ordered supplemental briefing on the remedy for Plaintiff's failure to introduce financial condition evidence at trial. Exclusively citing cases from California state courts, Plaintiff argues that the Court should "direct the defendants to produce evidence of their financial condition to ensure that there is sufficient evidence to sustain the jury's award." See Alhino v. Starr, 112 Cal. App. 3d 158, 179 (Ct. App. 1980) ("[W]e remand for a redetermination of the appropriate amount of punitive damages . . . . The trial court may take additional evidence on the net worth of the real estate defendants, if necessary."). None of the cases cited by Plaintiff is binding on this Court. See In re Cty. of Orange, 784 F.3d 520, 523-24 (9th Cir. 2015) ("[F]ederal courts sitting in diversity apply . . . federal procedural law." (quoting Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996))). Moreover, as the jury did not have sufficient evidence of the Defendants' financial condition to determine whether any punitive damages award was appropriate, the Court "cannot simply substitute its own judgment for the jury's." See Results ByIQ LLC v. Netcapital.com LLC, 2013 WL 4835838, at *5 (N.D. Cal. Sept. 11, 2013); Adams, 54 Cal. 3d at 112 ("Without [financial condition] evidence, a reviewing court can only speculate as to whether the award is appropriate . . . .").

Under similar circumstances, other courts in this district have vacated punitive damages awards where there was insufficient evidence of the defendants' financial condition. See, e.g., Results ByIQ, 2013 WL 4835838, at *5 ("Absent any evidence of [Defendants'] financial condition, a defect Plaintiff neither cured at trial nor clarified in its opposition brief, it is impossible for the Court to uphold the jury's verdict on this point. There is simply no way for the jury to have found punitive damages warranted in this case. The jury's findings were clear error. . . . The jury's punitive damages award is VACATED."); Chronicle Pub., 1992 WL 420808, at *5-6 (vacating a punitive damages award due, in part, to a lack of evidence pertaining to the defendant's financial condition). Accordingly, as there was insufficient evidence presented at trial bearing on the individual Defendants' financial condition, the jury's punitive damages award is vacated.

### D. Conclusion

Defendants' Rule 52(b) motion is granted in part and denied in part and the jury's award of punitive damages is hereby vacated. Defendants' requests to withdraw and to strike are denied as moot.

**IT IS SO ORDERED.**

Dated: February 8, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge